LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARRICK LAU, WILSON LAU and MABEL LAU<br>　　Plaintiffs<br><br>v.<br><br>HONOLULU PARK PLACE, AOAO; CRAIG WILLIAMS; REBECCA FRIEDMAN; RICHARD BALDWIN; MELANIE KING; KATHERINE CROSIER; TRAPPEUR RAHN; CHRISTINE TRECKER; DENNIS PADLOCK; KELLY BREHM; TOM HEIDEN GARRY BELEN; WALTER MIRANDA<br>　　Defendants | Civil No.<br><br>COMPLAINT;<br>JURY DEMAND;<br>SUMMONS |

**COMPLAINT**

Plaintiffs GARRICK LAU, WILSON LAU and MABEL LAU aver and allege:

## JURISDICTION AND VENUE

1. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613, the claim herein arising under the Fair Housing Amendments Act of 1988 (Pub. L. 100-4301), codified at 42 U.S.C. §§ 3601 *et seq.*

2. The venue is correct because all material matters occurred in this district and all parties and real property involved are also located in this district.

## PARTIES

3. Plaintiffs WILSON LAU and MABEL LAU own two units in the Honolulu Park Place condominium project at 1212 Nuuanu Avenue.

4. Accordingly Plaintiffs WILSON LAU and MABEL LAU are members of Defendant HONOLULU PARK PLACE, AOAO.

5. Plaintiff GARRICK LAU is the child of WILSON and MABEL LAU.

6. All three plaintiffs have their primary residence in the Honolulu Park Place.

7. Defendant HONOLULU PARK PLACE, AOAO ["HPP"] is an unincorporated condominium association duly registered with the State of Hawaii Department of Commerce & Consumers Affairs as such.

8. Defendants CRAIG WILLIAMS, REBECCA FRIEDMAN, RICHARD BALDWIN, MELANIE KING, KATHERINE

CROSIER, TRAPPEUR RAHN, DENNIS PADLOCK, CHRISTINE TRECKER and KELLY BREHN are and on belief were on the Board of Directors of the Defendant HONOLULU PARK PLACE, AOAO in 2017 and 2018.

9. Defendant TOM HEIDEN was and is the Managing Agent for HPP.

10. Defendant GARY BELEN was the HPP Building Manager at the time of incident, and WALTER MIRANDA is the current Building Manager.

11. Collectively the defendants governed and managed HPP, decided how to carry out the HPP declaration, applied all controlling statutes and regulations including those pertinent to fair housing, established all HPP rules, practices and policies and acted to enforce them. The legal liabilities for their actions are continuing.

## CAUSE OF ACTION

12. The plaintiffs have standing because Plaintiff GARRICK LAU has standing as a qualified disabled person, being a spinal cord-injured quadriplegic, and as his parents Plaintiffs WILSON LAU and MABEL LAU have associational standing.

13. For years prior to 2017 HPP allowed the plaintiffs to park their wheelchair-accessible minivan ["van"] in the guest parking located in common area on the ground floor of HPP's multi-floor attached parking structure. To reach the levels above the guest parking where the resident parking is located requires driving up and down

        multiple ramps.  No ramps that damage the plaintiffs' van are needed to be used to park in the guest parking.

14. In 2017 HPP revoked that allowance, forbidding the plaintiffs to any longer park their van in the guest parking on the ground floor. The plaintiffs then had to use ramps that damage their van to access parking on the higher floors.

15. The plaintiffs' wheelchair-accessible van has a lowered floor that is part of the post-manufacturing modifications that were made to render their van accessible for a wheelchair. The lowered van floor necessarily created a lowered van undercarriage.

16. Each time the plaintiffs uses the ramps above the guest parking level, their van's undercarriage strikes the ground. Striking the ground damages the van's lowered undercarriage.  Striking the ground in the past has damaged their van, and striking the ground in the future will damage their van further.

17. To park in any location in the parking structure other than the guest parking requires the accessible van to be driven up ramps that cause the van to strike its undercarriage on the ground.  Because the plaintiffs' assigned parking is on floor 3B, they must use five ramps to park there.  The van's undercarriage strikes the ground on all five of those ramps.  To park in the guest parking, however, the van does not need to use any ramps that cause the undercarriage to strike the ground.  Therefore guest parking is the only place the plaintiffs can park their van without damaging its undercarriage. In short, to deny the plaintiffs an accommodation of allowing them to park their van in the guest parking is to deny them to use the parking structure in the only way that will not damage their van.

18. After the defendants individually and collectively disallowed the plaintiffs permission to park in the guest parking, the plaintiffs were forced to park on the floors above the ground floor guest parking that can only be reached by using ramps which damaged the van's undercarriage.
19. Consequently the plaintiffs' options were to damage their van by using the ramps or be excluded from the parking structure.
20. Striking its undercarriage repeatedly on the ramps damaged the structure of the van's undercarriage, requiring professional repair.
21. On belief and understanding based on expert opinion continued strikes to the undercarriage will inevitably cause damage to recur.
22. The plaintiffs requested a number of times, including in writing, that HPP provide them with the accommodation for GARRICK LAU's disability of reinstating its permission for the plaintiffs to park their wheelchair-accessible van in the guest parking.
23. The defendants individually and collectively decided to deny the plaintiffs' requested accommodation.
24. The defendants individually and collectively approved, endorsed and sanctioned the denials of the plaintiffs' requests.
25. Accordingly the plaintiffs aver the defendants individually and collectively acted in violation of 42 U.S.C. § 3604(f)(3)(B) by not providing an accommodation that is reasonable and necessary to afford the plaintiffs an equal opportunity to use and enjoy their dwellings.

## RELIEF

26. The plaintiffs seek judgment against one or more of the defendants and for one or more of the plaintiffs on the cause of action pled.
27. The plaintiffs seek compensation for special and general damages as provided for by 42 U.S.C. § 3613(c)(1).
28. The plaintiffs seek punitive damages for the defendants' wanton disregard of their rights, amounting to the defendants' conscious indifference to their legal duty and obligation.
29. The plaintiffs seek reasonable attorney's fees and costs as provided for by 42 U.S.C. § 3613(c)(2).
30. The plaintiffs seek equitable relief in the form of an injunction, ordering the defendants to allow the plaintiffs to park their van in the HPP guest parking forthwith and for as long as the plaintiffs so need such accommodation based on their status as protected class members.

DATED: Honolulu, Hawaii, August 2, 2018

/s/ Lunsford Dole Phillips