UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| GARRICK LAU, WILSON LAU, and MABEL LAU,<br><br>Plaintiffs,<br><br>vs.<br><br>HONOLULU PARK PLACE, AOAO; CRAIG WILLIAMS; REBECCA FRIEDMAN; RICHARD BALDWIN; MELANIE KING; KATHERINE CROSIER: TAPPEUR RAHN; CHRISTINE TRECKER; DENNIS PADLOCK; KELLY BREHM; TOM HEIDEN; GARRY BELEN; and WALTER MIRANDA,<br><br>Defendants. | CIVIL NO. 18-00295 DKW-RT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs Garrick Lau and his parents, Wilson and Mabel Lau,[1] allege violations of the Fair Housing Act ("FHA"), 42 U.S.C. §3604(f). They assert that Defendants refuse to accommodate Garrick's acknowledged disability by allowing them to park their minivan in a specific area of the Honolulu condominium in

---

[1] For ease and clarity of reference, when referring to Plaintiffs individually, the Court uses each Plaintiff's first name.

which Plaintiffs live. Complaint (Compl.), Dkt. No. 1. Defendants Honolulu Park Place AOAO and its individual board members ("Defendants") move to dismiss the Complaint for lack of standing under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Dkt. No. 6. Because each Plaintiff has standing and because the facts alleged sufficiently plead an FHA cause of action, the Motion to Dismiss is DENIED.

## BACKGROUND

The Lau family has been living at Honolulu Park Place (HPP) for 27 years and own two units there. Compl. ¶3. As owners and residents, the Laus have assigned parking spaces inside the HPP parking garage on the third level of the parking structure. *Id*. at ¶17. In addition to designated resident parking spaces, HPP has 44 guest parking spaces on the ground level of the parking structure, which HPP policy limits to use by guests. *Id*. at ¶13; Motion at 4.

Garrick, who is a quadriplegic due to a spinal cord injury, moves with the assistance of a powered wheelchair. *Id.* at ¶12; Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp."), Dkt. No. 12. To facilitate Garrick's transportation, the Laus use a minivan that is modified to accommodate Garrick's wheelchair. Compl. ¶13. The modifications include a lowered floor height, resulting in less ground clearance. *Id.* at ¶15. The minivan Garrick depends on

2

for transportation cannot use the ramps in HPP's parking garage because the angle of the ramps is too steep, damaging the bottom of the Laus' modified minivan as it climbs the ramp. Compl. ¶16.

For at least five years prior to 2017, with the permission of the AOAO, the Laus parked their modified minivan in guest parking spaces on the ground level of the HPP parking structure whenever a space was available. Compl. ¶13. Parking in these spaces does not cause damage to the minivan and allows Garrick access to the building. *Id.* at ¶17. Guest parking on the ground level is the only place in the HPP parking structure where the minivan can park without requiring the use of the ramps that damage it. *Id*.

In 2017, HPP revoked permission for the Laus to park in guest parking. Compl. ¶14. Since then, the Laus have parked their minivan in their designated parking space on the third floor of the HPP parking structure. As a result, the minivan has sustained significant damage to its bottom, resulting in repair costs to the Laus. Compl. ¶¶20-21.

Faced with the choice of continuously damaging their minivan, being excluded from parking at HPP despite their status as residents, or parking in guest parking in violation of HPP's policy, the Laus requested permission to resume

using the ground floor guest parking spaces to park their minivan. *Id.* at ¶22. The AOAO denied the request. *Id*. at ¶¶18, 23.

Following the AOAO's decision, the Laus filed the instant suit alleging violation of the FHA. They seek equitable relief, in the form of permission to park in the guest parking spaces, and monetary damages. Compl. ¶¶27-30. Defendants filed a Motion to Dismiss, which Plaintiffs opposed, and to which Defendants replied. Dkt. Nos. 6, 12, 15. On May 5, 2019, the Court heard oral argument on the Motion. Dkt. No. 38. After court-mandated settlement efforts did not succeed, this disposition follows.

## STANDARD OF REVIEW

### I. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction: Standing

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). "Standing is a threshold matter central to our subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007); *see also Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007) ("A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.").

Article III, Section 2 of the Constitution permits federal courts to consider only "cases" and "controversies." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

This triad of injury-in-fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. *Steel Co. v. Citizens for*

5

*a Better Env't*, 523 U.S. 83, 102-104 (1998) (internal citations and quotation marks omitted); *see Takhar v. Kessler,* 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing."). At a preliminary stage of litigation, plaintiffs may rely on the allegations in their complaint to establish standing. *Lujan*, 504 U.S. at 561.

**II.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

Defendants argue that Mabel and Wilson lack standing. Motion at 3-4. Defendants also argue that the Laus' FHA claims should be dismissed because: (1) Plaintiffs failed to allege that they requested a reasonable accommodation and that Defendants denied that request; (2) the alleged discrimination injured property, rather than a person; and (3) the AOAO is not authorized to provide the requested accommodation. *Id.* at 5-7.

For the reasons explained below, none of Defendants' contentions has merit, and the Motion to Dismiss is therefore DENIED.

### I. Plaintiffs Have Standing

Defendants assert that Mabel and Wilson each lack standing because they have not been injured-in-fact. Motion at 7. In support of this argument, Defendants claim that the FHA requires "the party employing it . . . to have been

discriminated against," Wilson and Mabel were not the victims of discrimination, and Wilson and Mabel are not handicapped. Reply at 4 (citing 42 U.S.C. §3604). Defendants appear to misunderstand the FHA as well as the injury-in-fact requirements of Article III.

Here, Plaintiffs allege that they have incurred repairs costs to their minivan, have been charged towing expenses, and are being effectively excluded from parking in HPP's parking structure. Compl. ¶¶18-20; Opp. at. 3. All of these alleged injuries are "actual," "concrete," and "particularized" injuries caused by the challenged action—Defendants' refusal to allow Wilson and Mabel to park the family minivan in guest parking on the ground floor, the only place they can do so at HPP without damage to the only means of transportation available to their handicapped son. *Friends of the Earth, Inc.,* 528 U.S. at 180–81; *see*, e.g., *Clinton v. City of New York*, 524 U.S. 417, 432-33 (1998) (economic loss is an actual, concrete injury-in-fact). These allegations comfortably satisfy Article III's injury-in-fact requirement.

Defendants also allege that Wilson and Mabel's alleged injuries are not redressable through the FHA, and they lack standing for that reason as well: "This Court cannot find that Wilson Lau and Mabel Lau have a disability or can request an accommodation" and "this statute does not support any attempt by Garrick Lau

8

to use it to establish standing for Wilson Lau and Mabel Lau because they are not handicap [sic], and do not claim to be." Motion at 4. But the portion of the FHA cited by Defendants themselves recognizes that there may be derivative – and not merely direct – victims of discrimination: "[I]t shall be unlawful… (2) to discriminate against any person … in provision of services or facilities…because of a handicap of (A) that buyer or renter […] or (C) *any person associated with that buyer or renter*." 42 U.S.C. §3604(f)(emphasis added). Defendants' reliance on 42 U.S.C. §3604 is misplaced for another reason: Section 3604 addresses only the question of what conduct is proscribed by the FHA (*e.g.* discrimination on the basis of handicap), not who has standing to bring a case when the statute has been violated. Section 3613 announces how private persons can enforce the FHA, stating "[a]n aggrieved person may commence a civil action in an appropriate United States district court…." 42 U.S.C. §3613(a)(1)(A). The statute defines "an aggrieved person" as "any person who claims to have been *injured* by a discriminatory housing practice." 42 U.S.C.S. §3602(i)(1) (emphasis added). Thus, even if Mabel and Wilson could not claim to have been personally discriminated against, they certainly can claim to have been injured by discrimination against their son.

Nor does the statute's language stand alone. An FHA plaintiff need not be the person discriminated against—nor even a person *associated with* someone who is discriminated against—to be "an aggrieved person." *See Trafficante v. Metropolitan Life. Ins. Co.*, 409 U.S. 205, 212 (1972) (anyone harmed by discrimination can sue whether or not they are the target of discrimination); *cf. Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1107 (9th Cir. 2004)(individuals who without intent to rent or purchase dwelling pose as renters for purpose of collecting evidence of unlawful practices have standing to sue under the FHA). The case law, in other words, consistent with the broad remedial nature of the FHA, insists that a plaintiff need not be a direct victim of discrimination to bring an FHA claim as an aggrieved person. Mabel and Wilson clearly satisfy this undemanding standard.

## II. Plaintiffs Have Properly Pleaded an FHA Claim

To establish a prima facie case of housing discrimination based on an alleged "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[,]" a plaintiff must show that: (1) he suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) defendant knew of the handicap or should reasonably be expected to know of it; (3)

accommodation of the handicap "may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation. 42 U.S.C. §3604(f)(3); *see U.S. v. California Mobile Home Park Management Co.,* 107 F.3d 1374, 1380 (9th Cir. 1997).

    a. *Defendants Failed to Make a Reasonable Accommodation.[2]*

Defendants assert that "Plaintiffs do not plead *any facts* in the Complaint that show Defendants 'refused' an accommodation…, which is a prerequisite to any reasonable accommodation case." Motion at 2 (emphasis added). How Defendants can make this assertion is baffling: The Complaint clearly states "the plaintiffs requested a number of times, including in writing, that HPP provide them with the accommodation for GARRICK LAU's disability of reinstating its permission for the plaintiffs to park their wheelchair-accessible Van in the guest parking. The defendants individually and collectively decided to deny the plaintiff's requested accommodation." Compl. ¶ 22-23. This is enough to satisfy element 3.[3] *Janush v. Charities Hous. Dev. Corp.,* 169 F.Supp.2d 1133, 1136 (N.D. Cal. 2000) ("As plaintiff has adequately plead that she is handicapped,

---

[2] Defendants do not challenge Plaintiffs' allegations in support of the first two elements of a prima facie claim, except as already discussed in Section I, *supra*.
[3] There is no doubt that Plaintiffs could have asserted more. *See e.g.* Lau Decl., Dkt. No. 12-1 at ¶¶24-25. But no more is needed to comply with Fed.R.Civ.P. 8 and 12(b)(6).

11

that defendants knew of her handicap, that accommodation of the handicap may be necessary and that defendants refused to make such accommodation, defendants' motion to dismiss is denied.").

Because Defendants also assert that, "Plaintiffs have a preferred parking spot that they would like, which is not, as a matter of law, the basis for a reasonable accommodation claim" (Motion at 2), it may be that they also contest whether the accommodation Plaintiffs were denied was "reasonable." Whether the accommodation requested was a *reasonable* one is a question that cannot be decided on a motion to dismiss. *See California Mobile Home Park,* 107 F.3d at 1380 ("The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination."); *Janush,* 169 F.Supp.2d at 1136 (Whether a particular accommodation is reasonable under the circumstances is the type of fact-intensive, case-specific determination that is rarely appropriate for resolution *even on summary judgment*).

Finally, Defendants claim that "by Plaintiffs' own admission, Defendants did not refuse a reasonable accommodation." Reply at 5. Nowhere have Plaintiffs "admitted" anything of the sort.

 b. *Plaintiffs' Alleged Injury is Cognizable Under the FHA*

Defendants argue that the injury claimed by Plaintiffs is not cognizable under the FHA because it is an injury to Plaintiffs' property, not their person. Motion at 2. However, as Plaintiffs repeatedly state, "the objective of Plaintiffs' request is not to avoid injury to their equipment. Their objective is to avoid further personal injury…" Opp. at 4; Compl. ¶25 (defendants violated the FHA "by not providing an accommodation that is reasonable and necessary to afford the plaintiffs an equal opportunity to use and enjoy their dwellings"). Although Plaintiffs allege that the damage to their modified handicapped minivan prevents them from parking where other cars can park, it is not solely the injury to the vehicle they seek to remedy, it is the "denial of the enjoyment… of facilities to which they have a statutory right." Opp. at 4; *see also* Compl. ¶25. Only the most obtuse reading of the Complaint could fail to construe the allegations as an injury to the person.

    *c.*   *Defendants' Authority to Provide the Requested Relief*

Last, Defendants argue that the remedy sought by Plaintiffs cannot be provided by the AOAO, and the AOAO is therefore presumably not a proper defendant. Motion at 3. Defendants make this assertion because they characterize Plaintiffs' remedy as seeking a permanent, specific, and titled parking spot that is not Defendants' to give away. Motion at 15. Defendants further

claim that providing Plaintiffs requested accommodation is impossible because it violates Hawaiʻi law (Reply at 8).

But Defendants' conclusion is only possible when accepting their misrepresented version of what Plaintiffs seek. In other words, it is a straw man of their own creation. Plaintiffs repeatedly state throughout their Complaint (and briefing) that they are *not* seeking ownership of a guest parking space. Indeed, they are not even seeking assignment of a specific parking space. Compl. ¶22. All Plaintiffs are seeking is permission to use, on an as-available basis, any open guest parking space, as they were permitted to do prior to 2017. Opp. at 7; Compl. ¶¶22, 30. Defendants do not assert that *that* is something outside their authority to provide.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: July 16, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Lau v. Honolulu Park Place AOAO,* CV. NO. 18-00295 DKW-RT; **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**